UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI LYNN SERRA,

        Plaintiff,

v.                        Case No. 8:18-cv-2682-T-33AAS

SHRINERS HOSPITALS FOR
CHILDREN, INC.,

        Defendant.
_____/

**ORDER**

Before this Court is Defendant Shriners Hospitals for Children, Inc.'s Motion to Dismiss Plaintiff's Counter-Counterclaim (Doc. # 17), filed on December 26, 2018. On January 18, 2019, Plaintiff Jerri Lynn Serra filed a response, which also included a Motion for Dismissal of Defendant's Counterclaims for Lack of Jurisdiction. (Doc. # 20). For the reasons that follow, Shriners' Motion is granted and Serra's Motion is denied.

**I.**    **Background**

Serra initiated this action in state court against her former employer, Shriners, for violations of the Fair Labor Standards Act (FLSA). (Doc. # 1-1). After removing this action to federal court, Shriners filed its Answer, Affirmative

1

Defenses, and Counterclaims on November 11, 2018. (Doc. # 4). According to Shriners, after Serra's termination, the parties entered into a separation agreement that included a provision stating Serra had received all compensation owed to her. (Id. at 10). So Shriners' Counterclaims allege Serra is liable for fraudulent misrepresentation and breach of implied covenant of good faith and fair dealing because she filed this FLSA action for unpaid wages. (Id. at 11-14). In response, Serra filed her Answer and a Counter-Counterclaim, alleging Shriners' Counterclaims were filed in retaliation for Serra bringing this FLSA action. (Doc. # 8 at 3-5).

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III. Analysis

### A. Shriners' Motion to Dismiss

A prima facie case of retaliation under the FLSA requires the plaintiff to establish: (1) he engaged in an activity protected under the FLSA; (2) he subsequently suffered an adverse action by the employer; and (3) the employer's adverse action was causally connected to the protected activity. Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000). The filing of a counterclaim may constitute an adverse action if it was filed with a retaliatory motive and lacks a reasonable basis in law or fact. Smith v. Miami-Dade County, 621 F. App'x 955, 960 (11th Cir. 2015); Sederquist v. Indus. Eng'g & Dev., Inc., No. 8:11-cv-1084-T-26AEP, 2011 WL 3331307, at *2 (M.D. Fla. Aug. 3, 2011).

Serra's Counter-Counterclaim alleges Shriners' Counterclaims were filed in retaliation for bringing this FLSA action. (Doc. # 8 at ¶ 40). Because Serra's Counter-Counterclaim fails to allege that Shriners' Counterclaims lack a reasonable basis in either law or fact, Serra's Counter-Counterclaim is dismissed without prejudice. See Smith, 621 F. App'x at 960 (affirming dismissal of retaliation claim where plaintiff failed to allege defendant's

4

counterclaim lacked a reasonable basis in fact or law); Munroe v. PartsBase, Inc., No. 08-80431-CIV-MARRA/JOHNSON, 2008 WL 4998777, at *3 (S.D. Fla. Nov. 20, 2008) (dismissing FLSA retaliation claim where plaintiff failed to allege defendant's counterclaims lacked a reasonable basis in fact or law).

**B.  Serra's Motion to Dismiss**

As a preliminary matter, the Court takes this opportunity to point out that motions must comply with certain procedural requirements, such as being filed as a single document, including a memorandum of legal authority, and stating with particularity the grounds for seeking the order. See Fed. R. Civ. P. 7(b)(1); M.D. Fla. L. R. 3.01(a). Serra's four-sentence Motion, which was buried on the last page of her response to Shriners' Motion and incorporated her previous arguments on a different issue, fails to comply with these procedural requirements. Nonetheless, the Court addresses the Motion.

The Court may exercise supplemental jurisdiction over a compulsory counterclaim, but a permissive counterclaim generally requires an independent jurisdictional basis. Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426

5

F.2d 709, 712 (5th Cir. 1970). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). The Eleventh Circuit utilizes the "logical relationship" test to determine if a counterclaim arises out of the same transaction or occurrence. Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" Id. (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).

Here, the parties' separation agreement states Serra received all wages owed to her and refers to Serra as an employee. (Doc. # 4 at 10). Thus, the agreement relates to the wages paid to Serra and her classification as an employee — both of which implicate Serra's ability to recover under the FLSA. See Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (explaining a prima facie case under the FLSA requires the plaintiff establish he was an employee of the defendant and the defendant did not pay him

6

overtime wages).

Furthermore, both parties will rely on similar witnesses and evidence to establish their claims. Shriners' Counterclaims allege fraudulent misrepresentation and breach of the separation agreement's covenant of good faith and fair dealing. A claim for fraudulent misrepresentation requires proof that the defendant made a false statement about a material fact. Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010). Additionally, a claim for breach of the implied covenant requires proof that the defendant failed to comply with the reasonable expectations of the contracting parties. See Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1098 (Fla. 1st DCA 1999) ("[T]he duty to act in good faith . . . limits [a] party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."). Shriners alleges Serra failed to comply with the parties' reasonable expectations because Serra misrepresented that she received all compensation owed to her. (Doc. # 4 at 13-14). Therefore, Shriners will likely need to offer evidence to show that Serra's statement in the agreement that she received all wages owed to her was false; in other words, that Serra did not receive all wages owed. Similarly, Serra will likely

7

need to offer evidence to show that she did not receive all wages owed. Thus, both Serra's FLSA claims and Shriners' Counterclaims will rely on similar witnesses and evidence, such as testimony concerning hours worked and the work performed by Serra.

Serra's FLSA claims rest on whether she was paid all wages owed. If Serra was not paid all wages owed, the legal rights supporting Shriners' Counterclaims will activate because the separation agreement stated Serra was paid all wages owed. See Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) ("Under [the logical relationship] test, a logical relationship exists if . . . the facts, on which one claim rests, activate additional legal rights supporting the other claim."). The logical relationship test is a "loose standard," which favors flexibility and "permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." Plant, 598 F.2d at 1361. Given this flexibility, a realistic interpretation of the test leads the Court to conclude that Shriners' Counterclaims are logically related to Serra's FLSA claims.

Furthermore, "where [multiple claims] are offshoots of

8

the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." Revere Copper & Brass, Inc., 426 F.2d at 714 (citation omitted). According to Shriners, Serra entered into an agreement stating she received all wages owed, but then filed this action for unpaid wages a month later. It would be unfair to prevent Shriners from asserting its claims in this action and require it to file a separate action in state court. Fairness, therefore, dictates this result.

In sum, the Court finds that Shriners' Counterclaims meet the logical relationship test, and therefore, are compulsory. Consequently, Serra's Motion is denied.

**IV. Conclusion**

For the foregoing reasons, the Court grants Shriners' Motion (Doc. # 17) and denies Serra's Motion. (Doc. # 20). The Court therefore denies as moot Serra's Motion for Leave to File a Reply to Defendant's Response. (Doc. # 25). Serra's Counter-Counterclaim is dismissed for failure to state a claim for retaliation under the FLSA. Serra is authorized to file an amended counter-counterclaim by March 1, 2019. If Serra files an amended counter-counterclaim, Shriners' answer

should be filed by March 8, 2019.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Shriners Hospitals for Children, Inc.'s Motion to Dismiss Plaintiff's Counter-Counterclaim (Doc. # 17) is **GRANTED.**

(2) Plaintiff Jerri Lynn Serra's Counter-Counterclaim (Doc. # 8) is **DISMISSED** without prejudice. Serra is authorized to file an amended counter-counterclaim by **March 1, 2019**. If Serra files an amended counter-counterclaim, Shriners' answer should be filed by **March 8, 2019**.

(3) Serra's Motion for Dismissal of Defendant's Counterclaims for Lack of Jurisdiction (Doc. # 20) is **DENIED.**

(4) Serra's Motion for Leave to File a Reply to Defendant's Response (Doc. # 25) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of February, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE