UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI LYNN SERRA,

    Plaintiff,

v.      Case No. 8:18-cv-2682-T-33AAS

SHRINERS HOSPITALS FOR
CHILDREN, INC.,

    Defendant.
_____/

**ORDER**

Before this Court is Defendant Shriners Hospitals for Children, Inc.'s Motion to Dismiss Plaintiff's Amended Counter-Counterclaim, (Doc. # 30), filed on March 12, 2019. Plaintiff Jerri Lynn Serra responded in opposition on March 26, 2019, (Doc. # 34), and the Court held oral argument on April 9, 2019. (Doc. # 40). For the reasons that follow, Shriners' Motion is granted.

**I. Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the

1

plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

II. **Analysis**

Serra alleges Shriners retaliated against her in violation of the FLSA by filing counterclaims for fraudulent misrepresentation and breach of implied covenant of good faith and fair dealing. (Doc. # 28 at 4-6). Shriners' counterclaims arise out of a provision of the parties'

2

separation agreement stating Serra agreed she received all wages owed. (Doc. # 4 at 9-14).

A prima facie case of retaliation under the FLSA requires the plaintiff to establish: (1) he engaged in an activity protected under the FLSA; (2) he subsequently suffered an adverse action by the employer; and (3) the employer's adverse action was causally connected to the protected activity. Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000). The filing of a counterclaim may constitute an adverse action if it was filed with a retaliatory motive and lacks a reasonable basis in law or fact. Smith v. Miami-Dade County, 621 F. App'x 955, 960 (11th Cir. 2015). According to Serra's counter-counterclaim, Shriners' counterclaims lack a reasonable basis because

> Shriners has failed to [plead] the necessary elements, including intent. Also, Shriners' Counterclaims are barred by Florida's independent tort doctrine, and were drafted to avoid filing a breach of contract claim because it would be barred by the FLSA and of a failure to meet the elements of such a claim. Furthermore[,] the claim for fraudulent misrepresentation is based on an allegation of silence on an immaterial representation that was drafted by Shriners itself. Under Florida law, Shriners' counterclaim for fraudulent misrepresentation lacks a reasonable basis in law because it cannot allege fraud by silence, especially as Serra, a terminated employee, had no[] duty to correct the immaterial

facts to [Shriners].

(Doc. # 28 at ¶ 16). In short, Serra alleges that Shriners' counterclaims are baseless because they fail to state a claim upon which relief can be granted or will fail on the merits.

"But merely alleging that [the counterclaim plaintiff] will ultimately lose on the merits is different than alleging that [the counterclaim plaintiff] had no reasonable basis in fact or law to file a counterclaim in the first place." Smith, 621 F. App'x at 960. Also, even if Serra had moved to dismiss Shriners' counterclaims based on these allegations — which Serra failed to do — dismissal of Shriners' counterclaims would not necessarily render them baseless. See Ergo v. Int'l Merch. Servs., Inc., 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007) ("Although the Court has concluded that summary dismissal of the filed counterclaim is appropriate, that is not equivalent to stating that it is baseless, which is to say frivolous (and therefore sanctionable).").

Furthermore, the separation agreement states Serra received all wages owed, yet a month after its execution, Serra filed this action for unpaid wages. At a minimum, the agreement suggests a reasonable basis for Shriners' counterclaims. See Smith, 621 F. App'x at 960 (noting the

4

parties' settlement agreement stating the plaintiff agreed not to bring an employment-related lawsuit suggested a reasonable basis for the defendant's breach of contract counterclaim). Relatedly, the Court previously held Shriners' counterclaims are compulsory (Doc. # 26 at 5-9), and therefore, Shriners was required to bring them in this action. See Montgomery Ward Dev. Corp. v. Juster, 932 F.2d 1378, 1381 (11th Cir. 1991) ("A failure to raise a compulsory counterclaim in the first suit results in a waiver of that claim."); see also Ergo, 519 F. Supp. 2d at 781 ("The filing of a compulsory counterclaim is a particularly unlikely basis for a retaliation claim [because] . . . the Defendant must bring compulsory counterclaims or risk waiving them.").

Although some courts have held determination of whether a claim lacks a reasonable basis is better addressed by at the summary judgment stage, further discovery in this action is unnecessary to determine that Shriners' counterclaims do not lack a reasonable basis. See Smith, 621 F. App'x at 960 (affirming dismissal of FLSA retaliation claim based on counterclaim at motion to dismiss stage); Beltran v. Brentwood N. Healthcare Ctr., LLC, 426 F. Supp. 2d 827, 835 (N.D. Ill. 2006) (dismissing FLSA retaliation claim based on

counterclaim at motion to dismiss stage).

In sum, Serra has failed to state a claim for retaliation under the FLSA. Because the Court previously granted Serra leave to amend after dismissing her original FLSA retaliation counter-counterclaim (Doc. # 26 at 4-5), Serra's amended FLSA retaliation counter-counterclaim is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Shriners Hospitals for Children, Inc.'s Motion to Dismiss Plaintiff's Amended Counter-Counterclaim (Doc. # 30) is **GRANTED.**

(2) Plaintiff Jerri Lynn Serra's Amended Counter-Counterclaim (Doc. # 28) is **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of April, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE